IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAMON ELLIOTT
    Petitioner

v       *    CIVIL ACTION NO. PJM-07-2689
        CRIMINAL NO. PJM-97-053)

UNITED STATES OF AMERICA
    Respondent

****

## MEMORANDUM OPINION

The above-captioned 28 U.S.C. § 2255 Motion to Vacate, received for filing on October 4, 2007, challenges Petitioner's November 25, 1997, conviction for aggravated sexual abuse in violation of 18 U.S.C. § 224   Paper No. 10. Petitioner seemingly asserts that inadequate evidence was produced to establish that the crime was committed on federal property. He seeks to vacate and set aside the judgment arguing this Court lacked jurisdiction to indict, prosecute, convict, and impose sentence. *Id.*

The instant Motion to Vacate is the fifth such motion filed by Petitioner. The first was filed on August 27, 1999, *see* Paper No. 37, and subsequently denied by this Court on April 5, 2000. Papers No. 41 and 42. The United States Court of Appeals for the Fourth Circuit denied Petitioner's certificate of appealability and dismissed his appeal. Paper No. 52. The Fourth Circuit subsequently denied Petitioner authorization to file a successive petition. Paper No. 71

On August 7, 2006, the Court received for filing Petitioner's second Motion to Vacate. Paper No. 84. On August 23, 2006, a Memorandum and Order were entered which dismissed the Motion without prejudice as successive. Paper Nos. 85 & 86. The Fourth Circuit again denied Petitioner authorization to file a successive petition. Paper No. 87.

On December 8, 2006, Petitioner filed a 28 U.S.C. § 2241 Petition for habeas corpus relief in this Court, alleging that the indictment was defective in that it failed to accurately reflect the situs of the crime, thus divesting the Court of jurisdiction. Paper No. 88. On January 19, 2007, this Court construed the Petition as a motion to vacate and dismissed same without prejudice as successive. Paper Nos. 89 & 90. The Fourth Circuit denied Petitioner authorization to file a successive application. Paper No. 94.

Petitioner also filed a Motion for Immediate Release, again challenging his conviction based upon the argument that the property address where the criminal conduct occurred does not exist. This pleading was construed as a motion to vacate and dismissed without prejudice on September 7, 2007. Paper Nos. 100 & 101.

As the instant Motion to Vacate is the fifth motion to vacate to be filed by Petitioner, it must be dismissed for lack of jurisdiction.

Under 28 U.S.C. §2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Petitioner has not received the proper certification from the Fourth Circuit. Consequently, this Court may not consider the merits of his claim unless and until he receives the certification. The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization Order. The procedural requirements and

deadlines for filing the motion are extensive. Consequently, this Court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Petitioner wish to seek authorization to file a successive petition with the appellate court. It is to be emphasized that Petitioner must file his pleading with the Fourth Circuit Court of Appeals and obtain authorization to file his successive petition before this Court may examine his claims.

For the reasons set forth herein, this Court is without subject matter jurisdiction to review the instant Motion to Vacate. The matter shall be dismissed without prejudice.

Date: 10/18/07

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

3